# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ELIZABETH SANO | THE CHILDREN'S HOSPITAL OF PHILADELPHIA |

| (b) County of Residence of First Listed Plaintiff  Delaware | County of Residence of First Listed Defendant  Philadelphia |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Kevin Console, Esq., Console Mattiacci Law, 1525 Locust Street, 9th Fl., Philadelphia, PA 19102 215-545-7676 | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §O000e, et seq., 43 P.S. §951, et seq. , §9-1101, et seq 29 U.S.C. §2601, et seq.

Brief description of cause:
Plaintiff was discriminated and retaliated against based on her pregnancy/sex in violation of federal and state law.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** In excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____  DOCKET NUMBER _____

DATE: 05/31/2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

<u>**CASE MANAGEMENT TRACK DESIGNATION FORM**</u>

| | | |
|---|---|---|
| ELIZABETH SANO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE CHILDREN'S HOSPITAL OF | : | NO. |
| PHILADELPHIA, et al. | | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. ( X)

| | | |
|---|---|---|
| 05/31/2023 | _[signature]_ | Plaintiff, Elizabeth Sano |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-545-7676 | 215-689-4137 | Kevinconsole@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ Wallingford, PA _____

Address of Defendant: _____ 3401 Civic Center Blvd. Philadelphia, PA 19104 _____

Place of Accident, Incident or Transaction: _____ Philadelphia, PA _____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 05/31/2023 _____  _____  317235
                                  *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.** *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☑ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
       *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
       *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Kevin Console _____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☒ Relief other than monetary damages is sought.

DATE: 05/31/2023 _____  _____  317235
                                  *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **ELIZABETH SANO**<br>Wallingford, PA 19086<br><br>                    Plaintiff,<br><br>          v.<br><br>**THE CHILDREN'S HOSPITAL OF PHILADELPHIA**<br>3401 Civic Center Blvd.<br>Philadelphia, PA 19104<br><br>                    Defendant. | **CIVIL ACTION NO.**<br><br>**JURY DEMAND** |

## COMPLAINT

### I.    INTRODUCTION

Plaintiff, Elizabeth Sano, brings this action against her former employer, The Children's Hospital of Philadelphia ("Defendant"), for discriminating against Plaintiff based upon her pregnancy/sex, including subjecting Plaintiff to a hostile work environment and terminating Plaintiff's employment for false and pretextual reasons because of her pregnancy and her upcoming maternity leave.

More specifically, Defendant terminated Plaintiff's employment on October, 12, 2021 for highly vague, subjective and false reasons, while Plaintiff was eight (8) months pregnant, just weeks before she was scheduled to initiate an FMLA-protected maternity leave. Plaintiff's performance was at all times excellent. She was the only pregnant employee reporting to her supervisor and the only employee terminated. Plaintiff's termination was the culmination of a hostile work environment beginning almost immediately after she announced her pregnancy.

Defendant's discriminatory conduct is in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), the Family Medical Leave Act, 29 U.S.C. §2601, *et seq.* ("FMLA") and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA").

Plaintiff seeks damages, including economic loss, compensatory damages, punitive damages, liquidated damages, attorneys' fees and costs, and all other relief this Court deems appropriate.

## II.    PARTIES

1.      Plaintiff, Elizabeth Sano, is a female individual and a citizen of the Commonwealth of Pennsylvania. Plaintiff resides in Wallingford, Pennsylvania.

2.      Defendant is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania.

3.      Defendant maintains a principal place of business in Philadelphia, PA.

4.      At all relevant times, Plaintiff primarily worked at Defendant's Philadelphia, PA location and other locations within this judicial district.

5.      At all relevant times, Defendant employed more than fifty (50) people within a seventy-five (75) mile radius of Plaintiff's workplace.

6.      As of her termination, Plaintiff had been employed for at least twelve hundred and fifty (1,250) hours of service during the preceding twelve (12) month period.

7.      At all relevant times, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

8.      At all relevant times, Defendant acted as an employer within the meaning of the statutes which form the basis of this matter.

9.      At all relevant times, Plaintiff was an employee of Defendant within the meaning of the statutes which form the basis of this matter.

## III.    <u>JURISDICTION AND VENUE</u>

10.     The causes of action which form the basis of this matter arise under Title VII, the FMLA and the PHRA.

11.     This Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

12.     This Court has jurisdiction over Count II (FMLA) pursuant to 29 U.S.C. §2617(a)(2) and 28 U.S.C. §1331.

13.     This Court has jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. §1367.

14.     Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred within this District.

15.     On or about December 20, 2021, Plaintiff filed a complaint of discrimination with the Pennsylvania Human Relations Commission ("PHRC"), complaining of acts of discrimination alleged herein. That complaint was cross-filed with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto and incorporated herein as Exhibit "1" is a true and correct copy of the PHRC complaint (with personal identifying information redacted).

16.     On or about March 7, 2023, the EEOC issued to Plaintiff a Notice of Right to Sue pertaining to Plaintiff's agency complaint. Attached hereto as Exhibit "2" is a true and correct copy of that Notice.

17.    Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

IV.    **FACTUAL ALLEGATIONS**

18.    Plaintiff was hired at Defendant on or about March 9, 2020.

19.    Plaintiff last held the position of Nurse Practitioner.

20.    Plaintiff consistently performed her job duties in a highly competent manner.

21.    Plaintiff last reported to Mindy Datta ("Datta"), Practice Manager.

22.    Datta had no role in Plaintiff being hired at Defendant.

23.    As of Plaintiffs termination, to Plaintiff's knowledge, she was the only pregnant Nurse Practitioner employee reporting to Datta.

24.    As of Plaintiffs termination, Defendant was unaware of any other pregnant Nurse Practitioner employees reporting to Datta.

25.    At the time of Plaintiffs termination, in addition to Plaintiff, the following Nurse Practitioner employees reported to Datta:

    a)  Kim Bennett, Nurse Practitioner;

    b)  Maggie Brodnik, Nurse Practitioner;

    c)  Dimitra Georgelos, Nurse Practitioner;

    d)  Katie Thompson, Nurse Practitioner;

    e)  Alison Yez, Nurse Practitioner;

    f)  Melissa Christie, Nurse Practitioner.

26.    Plaintiff was qualified to perform each of these employee's positions.

27.    On or about February 25, 2021, Plaintiff learned that she was pregnant and due on October 29, 2021.

28.     On March 3, 2021, Plaintiff was selected to transfer to a new position, effective June 27, 2021.

29.     On May 3, 2021, in an email to Datta, Plaintiff informed Datta of her pregnancy.

30.     On June 27, 2021, Plaintiff began reporting to Datta.

31.     Plaintiff informed Datta that she was due on October 29, 2021.

32.     Plaintiff informed Datta that she would be going on maternity leave after giving birth, from approximately October 29, 2021 through January 21, 2022.

33.     Employees, including David Pollack, Senior Physician, commented that, due to Plaintiff's maternity leave, Defendant's practice would be losing a provider and schedules for providers would be even tighter than they already were.

34.     After Plaintiff informed Defendant of her pregnancy and anticipated maternity leave, Plaintiff was treated differently and worse, and in a more hostile and dismissive manner, than male and/or non-pregnant female employees and/or employees who were not anticipating taking maternity leave.

35.     Plaintiff's performance was unjustly criticized.

36.     Plaintiff was unjustly criticized for being difficult.

37.     Plaintiff was unjustly criticized for not being a team player.

38.     Plaintiff was blamed for issues outside of her control.

39.     Plaintiff's ideas and suggestions were dismissed.

40.     On or about August 22, 2021, Defendant hired Danielle _____, Doctor, to report to Datta, effective January 2022.

41.     On September 10, 2021, in a virtual meeting with Datta, Andrea Bailer ("Bailer"), Advanced Practice Nurse Manager, and Leigh Foppert ("Foppert"), Nurse Practitioner Team

Lead, they issued Plaintiff a Focused Professional Practice Evaluation, which extended her

probationary period to October 13, 2021, with goals that had to be met by that date.

      42.    On September 23, 2021, in a meeting with Datta, she unjustly criticized Plaintiff

performance.  Datta stated that she was disappointed that not much had changed regarding

Plaintiff's performance since the September 10, 2021 meeting.  She stated that the perception

was that Plaintiff lacked interest in learning and becoming acclimated to the office.

      43.    On September 27, 2021, in a meeting with Datta, Bailer, and Foppert, they

unjustly criticized Plaintiff's performance and falsely told her that she was unable to meet the

basic requirements of the Nurse Practitioner position.  Plaintiff was told that the perception was

that she lacked interest in learning and becoming acclimated to the office.

      44.    On October 1, 2021, Plaintiff met with Datta, Bailer, and Foppert to discuss her

progress with the extended probationary period goals.

      45.    On October 1, 2021, in an email from Datta, copying Bailer, Foppert, and Pollack,

she stated the following: "In order to be successful in this role, we need you to learn the culture

and workflows – both patient care and relational, some of which are not satisfactory at this time.

. . . At the end of the probation period, if it is determined that you have not been successful in

completing the requirements for the FPPE extension and show no significant improvement on

the items listed above at a satisfactory level, we will proceed to terminate your employment with

CHOP."

      46.    On October 12, 2021, in a meeting with Datta and Bailer, Defendant terminated

Plaintiff's employment, effective immediately.

      47.    Defendant's stated reason for Plaintiff's termination was Plaintiff's interpersonal

relationships.

48.    Plaintiff was told that her termination had nothing to do with her clinical performance.

49.    Plaintiff was told that she did not complete the requirements for her position but was provided with no examples.

50.    Plaintiff was told that Defendant reviewed her progress over the past few weeks and thought about what was best for Defendant, and determined that Plaintiff's employment was terminated.

51.    On October 13, 2021, in an email to Pollack, Plaintiff complained of sex and pregnancy discrimination.  Plaintiff complained that she was terminated when she was "expecting a baby at any moment."

52.    Plaintiff received no response to her above email.

53.    Plaintiff was eight (8) months pregnant at the time of her termination.

54.    Before Plaintiff informed Defendant of her pregnancy and anticipated maternity leave, she had no indication that her job was in jeopardy.

55.    Plaintiff was not issued any write ups or discipline throughout her employment.

56.    Plaintiff was the only employee reporting to Datta who was terminated on October 12, 2021.

57.    Defendant terminated Plaintiff's employment because of her sex and/or pregnancy and/or anticipated maternity leave.

58.    Defendant terminated Plaintiff's employment in order to deny Plaintiff her FMLA protections and rights.

59.    Plaintiff's upcoming maternity leave was protected under the FMLA.

60.    Plaintiff was offered no opportunity to remain employed with Defendant.

61.    Defendant assigned Plaintiff's job duties and responsibilities to non-pregnant employees who had not indicated a need for maternity leave.

62.    Plaintiff was as, if not more, qualified to perform her job duties and responsibilities than the non-pregnant employees to whom her job duties and responsibilities were assigned.

63.    Defendant failed to place Plaintiff into other positions for which she was qualified.

64.    Defendant subjected Plaintiff to a hostile work environment because of her sex and/or pregnancy and/or anticipated maternity leave.

65.    As a direct and proximate result of the discriminatory conduct of Defendant, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

66.    Defendant acted with malice and/or reckless indifference to Plaintiff's protected rights. The conduct of Defendant, as set forth above, was willful and outrageous under the circumstances and warrants the imposition of punitive damages against Defendant.

67.    Defendant's discriminatory conduct, as alleged herein, was severe or pervasive enough to make a reasonable person believe that the conditions of employment had been altered and that a hostile work environment existed, and made Plaintiff believe that the conditions of employment had been altered and that a hostile work environment existed.

## COUNT I – TITLE VII

68.    Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

69.    By committing the foregoing acts of sex/pregnancy discrimination against Plaintiff, Defendant has violated Title VII.

70.    Defendant acted intentionally and willingly, with malice and/or reckless indifference to Plaintiff's rights, warranting the imposition of punitive damages.

71.    As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

72.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

73.    No previous application has been made for the relief requested herein.

## COUNT II – FMLA

74.    Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

75.    By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated the FMLA.

76.    As a result of Defendant terminating Plaintiff just prior to her initiating her FMLA leave – in order to deprive her of those rights – Defendant has violated the FMLA.

77.    Plaintiff's exercise and/or anticipated exercise of her FMLA rights was considered as a negative factor, and was a motivating and determinative factor in Defendant's

conduct towards Plaintiff, including its decision to terminate Plaintiff and its decision not to place her into any other open position for which she was qualified.

78.    Defendant interfered with Plaintiff's FMLA rights by terminating Plaintiff shortly before she was able to realize the benefit of those rights.

79.    Defendant retaliated against Plaintiff for exercising her right to an FMLA-protected maternity leave.

80.    Said violations were not in good faith, and Defendant did not have reasonable grounds to believe that the foregoing acts were not in violation of the FMLA.

81.    Defendant's violations of the FMLA warrant the imposition of liquidated damages.

82.    As a direct and proximate result of Defendant's violations of the FMLA, Plaintiff has suffered damages and losses set forth herein and has incurred attorneys' fees and costs.

83.    Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's violations of the FMLA unless this Court grants the relief requested herein.

84.    No previous application has been made for the relief requested herein.

## COUNT III – PHRA

85.    Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

86.    By committing the foregoing acts of discrimination against Plaintiff, Defendant violated the PHRA.

87.    Plaintiff's sex/pregnancy were motivating and/or determinative factors in Defendant's decision to terminate Plaintiff's employment and its decision not to place her into any other open position for which she was qualified.

88.    As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein, and has incurred attorneys' fees and costs.

89.    Plaintiff is now suffering and may continue to suffer irreparable injuries and monetary damages as a result of Defendant's discriminatory acts unless and until the Court grants the relief requested herein.

90.    No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's unlawful conduct, and specifically prays that the Court grant the following relief to the Plaintiff by:

(a)    declaring the acts and practices complained of herein to be in violation of Title VII;

(b)    declaring the acts and practices complained of herein to be in violation of the FMLA;

(c)    declaring the acts and practices complained of herein to be in violation of the PHRA;

(d)    enjoining and permanently restraining the violations alleged herein;

(e)    entering judgment against the Defendant and in favor of the Plaintiff in an amount to be determined;

(f)     awarding damages to make the Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(g)     awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(h)     awarding punitive damages to Plaintiff under Title VII;

(i)     awarding liquidated damages to Plaintiff under the FMLA;

(j)     awarding Plaintiff such other damages as are appropriate under Title VII, the FMLA and the PHRA;

(k)     awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

(l)     granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE MATTIACCI LAW, LLC**

Dated: 05/31/2023        BY: _____

Kevin Console, Esq.
1525 Locust Street, 9th Floor
Philadelphia, PA 19102

*Attorneys for Plaintiff,*
*Elizabeth Sano*

# Exhibit 1

COMMONWEALTH OF PENNSYLVANIA

GOVERNOR'S OFFICE

PENNSYLVANIA HUMAN RELATIONS COMMISSION

|  |  |
|---|---|
| Elizabeth Sano, | : |
| Complainant | : |
|  | : |
| v. | : PHRC Case No. 202101467 |
|  | : |
| Children's Hospital of Philadelphia, | : EEOC No. 17F202260448 |
| Respondent | : |
|  | : |

## **COMPLAINT**

### **JURISDICTION**

1.   Jurisdiction is pursuant to the Pennsylvania Human Relations Act 43 P.S. §§ 951-963.

### **PARTIES**

2.   The Complainant herein is:

   Elizabeth Sano



3.   The Respondent herein is:

   Children's Hospital of Philadelphia
   Office of General Counsel
   3401 Civic Center Blvd.
   Philadelphia, PA 19104

Received

DEC 20 2021

PA Human Relations Commission
Philadelphia Regional Office

COMMONWEALTH OF PENNSYLVANIA
GOVERNOR'S OFFICE
PENNSYLVANIA HUMAN RELATIONS COMMISSION

## COMPLAINT

COMPLAINANT:

**ELIZABETH SANO**                                    Docket No. 202101467

v.

RESPONDENT:

**THE CHILDRENS HOSPITAL
OF PHILADELHIA**

1. The Complainant herein is:

   Name:          Elizabeth Sano

   Address:

2. The Respondent herein is:

   Name:          The Children's Hospital of Philadelphia

   Address:       3401 Civic Center Blvd.
                  Philadelphia, PA 19104

3. I, Elizabeth Sano, the Complainant herein, allege that I was subjected to unlawful
discrimination because of my sex (female) and pregnancy, as set forth below.

   **Discrimination**

   A. I specifically allege:

   [1]      I began working at Respondent on or about March 9, 2020.

   [2]      I last held the position of Nurse Practitioner.

[3]     I consistently performed my job duties in a highly competent manner.

[4]     I last reported to Mindy Datta, Practice Manager.

[5]     Datta had no role in my being hired at Respondent.

[6]     At the time of my termination, I was the only pregnant Nurse Practitioner employee, to my knowledge, reporting to Datta.

[7]     At the time of my termination, in addition to me, the following Nurse Practitioner employees reported to Datta. I was qualified to perform each of these employee's positions.

    a)  Kim Bennett, Nurse Practitioner;

    b)  Maggie Brodnik, Nurse Practitioner;

    c)  Dimitra Georgelos, Nurse Practitioner;

    d)  Katie Thompson, Nurse Practitioner;

    e)  Alison Yez, Nurse Practitioner;

    f)  Melissa Christie, Nurse Practitioner.

[8]     On or about February 25, 2021, I learned that I was pregnant and due on October 29, 2021.

[9]     On March 3, 2021, I was selected to transfer to a new position, effective June 27, 2021.

[10]    On May 3, 2021, in an email to Datta, I informed her of my pregnancy.

[11]    On June 27, 2021, I began reporting to Datta.

[12]    I informed Datta that I was due on October 29, 2021. I told her that I would be going on maternity leave after giving birth, from approximately October 29, 2021 through January 21, 2022.

[13]    Employees, including David Pollack, Senior Physician, commented that, due to my maternity leave, Respondent's practice would be losing a provider and schedules for providers would be even tighter than they already were.

[14]    After I informed Respondent of my pregnancy and anticipated maternity leave, I was treated differently and worse, and in a more hostile and dismissive manner, than male and/or non-pregnant female employees and/or employees who were not anticipating taking maternity leave.

[15]    My performance was unjustly criticized.

[16]    I was unjustly criticized for being difficult.

[17]    I was unjustly criticized for not being a team player.

[18]    I was blamed for issues outside of my control.

[19]    My ideas and suggestions were dismissed.

[20]    On or about August 22, 2021, Respondent hired Danielle _____, Doctor, to report to Datta, effective January 2022.

[21]    On September 10, 2021, in a virtual meeting with Datta, Andrea Bailer, Advanced Practice Nurse Manager, and Leigh Foppert, Nurse Practitioner Team Lead, they issued to me a Focused Professional Practice Evaluation, which extended my probationary period to October 13, 2021, with goals that had to be met by that date.

[22]    On September 23, 2021, in a meeting with Datta, she unjustly criticized my performance. Datta stated that she was disappointed that not much had changed regarding my performance since the September 10, 2021 meeting. She stated that the perception was that I lacked interest in learning and becoming acclimated to the office.

[23]    On September 27, 2021, in a meeting with Datta, Bailer, and Foppert, they unjustly criticized my performance and falsely told me that I was unable to meet the basic requirements of the Nurse Practitioner position. I was told that the perception was that I lacked interest in learning and becoming acclimated to the office.

[24]    On October 1, 2021, I met with Datta, Bailer, and Foppert to discuss my progress with the extended probationary period goals.

[25]    On October 1, 2021, in an email from Datta, copying Bailer, Foppert, and Pollack, she stated the following: "In order to be successful in this role, we need you to learn the culture and workflows- both patient care and relational, some of which are not satisfactory at this time. . . . At the end of the probation period, if it is determined that you have not been successful in completing the requirements for the FPPE extension and show no significant improvement on the items listed above at a satisfactory level, we will proceed to terminate your employment with CHOP."

[26]    On October 12, 2021, in a meeting with Datta and Bailer, Respondent terminated my employment, effective immediately. The stated reason for my termination was my interpersonal relationships. I was told that my termination had nothing to do with my clinical performance. I was told that I did not complete the requirements for my position but was provided with no examples. I was told that Respondent reviewed my progress over the past few weeks and thought about what was best for Respondent, and determined that my employment was terminated.

[27]    On October 13, 2021, in an email to Pollack, I complained of sex and pregnancy discrimination. I complained that I was terminated when I was "expecting a baby at any moment."

[28]    I received no response to my above email.

[29]    I was eight (8) months pregnant at the time of my termination.

[30]    Before I informed Respondent of my pregnancy and anticipated maternity leave, I had no indication that my job was in jeopardy.

[31]    I had no disciplinary or performance issues throughout my employment.

[32]    I was the only employee reporting to Datta who was terminated on October 12, 2021.

[33]    Respondent terminated my employment because of my sex and/or pregnancy and/or anticipated maternity leave.

[34]    I had no opportunity to remain employed with Respondent.

[35]    Respondent assigned my job duties and responsibilities to nonpregnant employees who were not anticipating taking maternity leave. I was as, if not more, qualified to perform my job duties and responsibilities than the nonpregnant employees who were not anticipating taking maternity leave to whom my job duties and responsibilities were assigned.

[36]    Respondent subjected me to a hostile work environment because of my sex and/or pregnancy and/or anticipated maternity leave.

[37]    Respondent's sex and pregnancy discriminatory conduct toward me has caused me emotional distress.

**B.** Based on the aforementioned, I allege that Respondent has discriminated against me because of my sex (female) and pregnancy, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, Phila. Code § 9-1101, *et seq.* ("PFPO").

4.    The allegations in Paragraph 3 hereof constitute unlawful discriminatory and retaliatory practices in violation of:

     __X__    **Pennsylvania Human Relations Act (Act of October 27, 1955, P.L. 744, as amended) Section 5 Subsection(s): __(a)__**

     _____    Section 5.1 Subsection(s) _____

     _____    Section 5.2 Subsection(s) _____

     _____    Pennsylvania Fair Educational Opportunities Act (Act of July 17, 1961, P.L. 766, as amended) Section 4 Subsection(s) _____

5.    Other action based upon the aforesaid allegations has been instituted by the Complainant in any court or before any other commission within the Commonwealth of Pennsylvania as follows:

     __X__    **This charge will be referred to the EEOC for the purpose of dual filing.**

6.    The Complainant seeks that Respondent be required to:

     (a) Make the Complainant whole.

     (b) Eliminate all unlawful discriminatory and retaliatory practice(s) and procedure(s).

     (c) Remedy the discriminatory and retaliatory effect of past practice(s) and procedure(s).

     (d) Take further affirmative action necessary and appropriate to remedy the violation complained of herein.

     (e) Provide such further relief as the Commission deems necessary and appropriate.

## VERIFICATION

I hereby verify that the statements contained in this complaint are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to the penalties of 18 P.A.C.A. Section 4904, relating to unsworn falsification to authorities.

12/17/21
(Date Signed)

Elizabeth Sano
(Signature)    Elizabeth Sano

# Exhibit 2

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Philadelphia District Office**
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

**To:**  Elizabeth Sano

**Re:**  Elizabeth Sano v. Children's Hospital of Philadelphia
EEOC Charge Number: 17F-2022-60448

EEOC Representative and email:   State Local and Tribal Program Manager
PHLSTATEANDLOCAL@EEOC.GOV

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) received this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

Please retain this notice for your records.

On Behalf of the Commission:

Digitally Signed By: Karen McDonough  3/7/2023
Karen McDonough
Deputy District Director

cc:   For Respondent

Leslie M. Greenspan, Esq.
Tucker Law Group LLC
1801 Market Street, Suite 2500
Philadelphia, PA 19103

For Charging Party

Emily R. Derstine Friesen, Esq.
Console Mattiacci Law, LLC
1525 Locust Street, 9th Floor
Philadelphia, PA 19102